ORDERED.

Dated: **September 19, 2019**

_Catherine M. Ewen_
Catherine Peek McEwen
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT MIDDLE DISTRICT OF FLORIDA TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Villa Bellini Ristourante & Lounge, Inc.,

    Debtor_____/

Case No. 8:19-bk-06943-CPM
Chapter 11

### AMENDED* ORDER DIRECTING MEDIATION AND APPOINTING MEDIATOR

THIS CASE came on for hearing on August 14, 2019, for consideration of the Debtor's Motion for Relief from Stay (the "Motion") (Doc. 14) filed by the Debtor, seeking to continue ongoing litigation with Ciro Mancini in state court. The Court will enter, or has entered, a separate order granting the Motion. In addition, for the reasons stated orally and recorded in open court that shall constitute the decision of the Court, the Court finds that the dispute between the Debtor and Ciro and Clara Mancini (the "Mancinis") could possibly be resolved through mediation. On September 9, 2019, the Debtor filed motions in two related adversary proceedings, Adv. Pro. Nos. 8:19-ap-406-CPM and 8:19-ap-442-CPM (the "Related Proceeding"), asking that mediation be expanded to include possible resolution of these two proceedings. Accordingly, it is

**ORDERED**:

1. The Debtor and the Mancinis are directed to mediation, in accordance with Local Rule 9019-2, for possible resolution of the dispute between the parties in connection with the referenced state court action and the Related Proceedings.

2. The Court appoints Burt Wiand, Esquire, to serve as Mediator.

*Amended to expand mediation to include Related Proceedings.

3.  The Mediator shall be entitled to compensation at the Mediator's normal hourly rate to be paid equally by the parties. The Mediator may require that the parties pay all or some portion of the Mediator's fee before the mediation conference.

4.  Each party or its representative with full authority to settle without further consultation shall attend the mediation with counsel, if any. Telephonic appearance may be authorized in advance by the Mediator, at the Mediator's discretion. If an impasse is reached with respect to the mediation as a result of the failure of a party to comply with this requirement, such party may be liable for sanctions to include payment of all fees incurred by the other parties to this proceeding in connection with the mediation.

5.  The mediation conference shall take place between September 9, 2019, and November 8, 2019.

6.  This Court requests that within five days following the conclusion of the mediation the Mediator file a Mediator's Report and Completion of Mediation indicating whether the proceeding/matters settled, was continued with the consent of the parties, or whether the Mediator was forced to declare an impasse.

7.  The Clerk is directed to enter this order in the Debtor's main bankruptcy case and in Adv. Proc. Nos. 8:19-ap-406-CPM and 8:19-ap-442-CPM.

Service by CM/ECF only to the parties and by U.S. mail to Burton W. Wiand, Wiand Guerra King, P.A., 5505 W. Gray St., Tampa, FL 33609-1007.